UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6022-CR-~~HURLEY~~ Middlebrooks

UNITED STATES OF AMERICA,

vs.

CHRISTOPHER GILBOURNE,
EDWARD DANY, and
DORREL BRYAN,

                   Defendants.
_____/

FILED by _____ D.C.
MAY 17 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

MAY 19 2000

Rec'd in MIA Dkt _____

106

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them correctly? Did the witness's testimony differ from the testimony of other witnesses?

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while witnesses of this kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

The Government also called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

As you have heard, Exhibits 8-A through 13-AC1 have been identified as typewritten transcripts and translations of the oral conversations that can be heard on the tape recordings received into evidence as Exhibits 8 through 13. The transcripts also purport to identify the speakers engaged in such conversations.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the tape recordings, particularly those portions spoken in Jamaican.

However, you are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations, or the identity of the speakers, is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

In this case you have been permitted to take notes during the course of the trial, and most of you — perhaps all of you — have taken the opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

In this case, as you know, the indictment charges two separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for study during your deliberations.

In summary, Count I charges that the Defendants knowingly and willfully conspired with others to possess with intent to distribute and to distribute cocaine, the alleged conspiracy being a violation of 21 USC § 846.  Count II charges the commission of so-called substantive offense, namely that the Defendants attempted to possess with intent to distribute cocaine, in violation of 21 USC § 841(a)(1) and 846.  I will explain the law governing those substantive offenses in a moment.

First, however, as to Count I, you will note that the Defendant is not charged in that Count with violating 21 USC §841(a)(1); rather, he is charged with having conspired to do so in violation of 21 USC § 846.

Count I of the indictment charges a violation of Title 21, United States Code, Section 846.

Title 21, United States Code, Section 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1). Section 841(a)(1) makes it a crime for anyone to knowingly possess a mixture and substance containing a detectable amount of cocaine with intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme, or that those who <u>were</u> members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>: That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

<u>Second</u>: That the Defendant knowingly and willfully became a member of such conspiracy.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins

11

in that plan on one occasion, that is sufficient to convict him for conspiracy even though he had not participated before and even though he played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Count II of the indictment charges a violation of Title 21, United States Code, Sections 841(a)(l), 846 and Title 18, United States Code, Section 2.

Title 21, United States Code, Section 841(a)(l) and 846 make it a Federal crime or offense for anyone to attempt to possess a "controlled substance" with intent to distribute it.

Cocaine is a "controlled substance" within the meaning of the law.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:       That the defendant knowingly and willfully ~~possessed~~ *attempted to possess* cocaine as charged; and

Second:   That he ~~possessed~~ *attempted to possess* the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Three forms of verdict has been prepared for your convenience.

[Explain Verdict]

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.