UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DORREL BRYAN,

    Defendant.
_____/

### DEFENDANT BRYAN'S OBJECTIONS AND ADDENDUM TO PRE-SENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, DORREL BRYAN, by and through undersigned CJA appointed counsel, and files with this Court his objections and addendum to the Pre-Sentence Investigation Report as follows:

1. **Page 2, Penalty**: The Defendant objects to the characterization on this page of the Pre-Sentence Investigative Report that his offense at conviction is conspiracy to possess with intent to distribute cocaine (21 U.S.C. 846) which carries a sentencing range of 10 years to life imprisonment with a maximum of 4 million dollar fine. The Defendant argues that the quantity and therefore the specific intent to distribute any specific quantity of cocaine was never charged in the Indictment nor had a jury convicted the Defendant of the specific intent to distribute a certain quantity of cocaine. Therefore, it is argued that the only offense the Defendant faces at conviction is a conspiracy to simply possess cocaine (21 U.S.C. 844(a)) or, in the alternative, conspiracy to possess with intent to distribute cocaine (21

U.S.C. 841(b)(1)(C)) which therefore carries a statutory maximum one year and $1,000.00 fine or maximum twenty years and 1 million dollar fine respectively.

2. <u>Page 3, Minimum Mandatory</u>:  The Defendant objects to the Probation Department's characterization that a minimum mandatory applies in this case for reasons stated above.

3. <u>Page 6, Number 12</u>.  The Defendant BRYAN objects to the characterization by the Probation Department that he along with co-defendants, Edward Dany and Christopher Gilbourne, were the cocaine purchasers.  Further, Defendant BRYAN objects to the Probation Department's characterization that he and Edward Dany were the middlemen for the purchase of the cocaine.  Further the Defendant objects to the Probation Department's characterization that he, Dany and Gilbourne were present at the delivery of the cocaine on January 14, 2000.  The Defendant further objects to the Probation Department's characterization that Gilbourne and Bryan actively participated in the negotiations on that date.  Defendant BRYAN would submit that there was no evidence whatsoever that he participated in the negotiations on that date presented at the trial in his case.  Further pursuant to Federal Guidelines Section 3b1.2, the Defendant BRYAN would argue that he should receive either a minor or minimal role reduction of either a 2 or 4 level reduction in that he was merely present at the transaction conducted and negotiated by others.  Further, the Defendant would object to the Probation Department's characterization that Defendant BRYAN is responsible for five kilograms of cocaine and

2

argue that Defendant BRYAN should be responsible for conspiracy to simply possess a detectable amount of cocaine as it was not alleged in the Indictment nor specifically subject to a jury verdict at trial as to the amount of cocaine involved in this case.

4. <u>Page 7, Paragraph 16 Base Offense Level</u>: The Defendant objects to the Probation Department's characterization of a guideline base offense level of 32 and would argue that because the amount of cocaine was not charged in the Indictment that he be responsible for conspiracy to simply possess cocaine using the guideline from the simple possession section 21 U.S.C. 844(a) for a base level of 12.

5. <u>Page 7, Paragraph 18 Adjustment for Role in Offense</u>: The Defendant would object to the Probation Officer's characterization that he has no reduction for his role in the offense and would argue that he is either a minimal or minor participant and should get a role deduction of either 2 or 4 levels as he was merely present at the scene of others who were involved in the negotiation, purchase and sale of cocaine.

6. <u>Page 17, Line 59</u>. The Defendant BRYAN would object to the Probation Department's characterization of statutory provision and apply the argument of paragraph 1 above.

7. <u>Page 17, Line 60</u>. The Defendant would object to the Probation Officer's total offense level of 32 and argue that the total offense level should be a 12 based on the arguments contained above.

8. <u>Page 17, Line 61</u>. The Defendant would object to the five

3

year supervised release term and apply 21 U.S.C. 844(a) or in the alternative 21 U.S.C. 841(b)(1)(C).

9. <u>Page 17, Line 63</u>. The Defendant would object to the Probation Department's characterization that he is not eligible for probation based on the arguments above.

10. <u>Page 18, Line 66</u>. Defendant objects to the fine range for the instant offense based on the arguments above.

11. <u>Page 8, Part E Factors That May Warrant a Departure</u>: The Defendant would ask this Honorable Court to apply Federal Guidelines Section 2d1.1, note 15 which allows for a downward departure where as in this case there is a reverse sting where government agents are selling or negotiating the sale of a controlled substance to a group of defendants and would submit that the Court should find that the agents set a price for the controlled substance that was substantially below the market value of the controlled substances at the time therefore leading to the Defendant's purchase of a significantly greater quantity of a controlled substance that his available resources would have allowed him to purchase except for the artificially low price set by the government agent.

### INCORPORATED MEMORANDUM OF LAW

The Indictment merely charged that Mr. Bryan conspired to possess with intent to distribute a detectable amount of cocaine. No mention was made about the amount of cocaine involved in this case.

The statutory scheme of Title 21, U.S.C. Section 841

4

essentially creates three separate offenses for cocaine distribution, under three subparagraphs. Subparagraph (b)(1)(A) makes it illegal to distribute cocaine in excess of 5,000 grams. The statutory maximum for that offense is life. The mandatory minimum is 10 years. Subparagraph (b)(1)(B) makes it illegal to distribute cocaine in excess of 500 grams. The statutory maximum for that offense is 40 years with a mandatory minimum of five years. Subparagraph (b)(1)(C) makes it illegal to distribute cocaine in amounts not covered by subparagraphs (A) and (B). The statutory maximum is 20 years with no mandatory minimum.

In the Indictment, the government charged Mr. Bryan with conspiracy to possess with intent to distribute cocaine in violation of Title 21, U.S.C. Section 846. The government failed to charge in the Indictment the amount of the cocaine. The Indictment thus charged Mr. Bryan with the crime described in title 18, U.S.C. Section 841(b)(1)(C) and not with the crimes described in subparagraphs (A) or (B). Therefore, the jury found Mr. Bryan guilty of an offense with a statutory maximum sentence of 20 years at most.

The Defendant respectfully argues that the Court cannot even sentence Mr. Bryan pursuant to 841(b)(1)(C) and must sentence the Defendant for a conspiracy to commit an offense under 844(a) simple possession of cocaine, because an analysis of the way the Indictment charged the Defendant, the proof elicited at trial, the jury instructions given to the jury, and the jury verdict itself, did not specifically allege nor did the jury specifically find that

5

the Defendant conspired to possess with any intent to distribute any specific quantity of cocaine. Therefore, the crucial nexus between an amount of cocaine as the subject of a distribution element, the Defendant would argue that there was no distribution element proven at trial and therefore all that is left of the verdict and subject of the sentencing is a simple possession of cocaine.

The Supreme Court recently ruled that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" must be submitted to a jury, and proved beyond a reasonable doubt. <u>Apprendi v. New Jersey</u>, ____ U.S. _____, 120 S.Ct 2348, 2363 (2000). In a federal prosecution, this reasoning also requires that any such fact must be properly pled in the Indictment. <u>Id.</u> at 2362, n. 15; <u>see</u> <u>also</u> U.S. Const. Amend. V.[1]

In his concurring opinion, Justice Thomas concluded that after an exhaustive review of 200 years of precedent, the majority decision in <u>Apprendi</u>, "far from being a sharp break with the past, marks nothing more that a return to the status quo that reflected the original meaning of the fifth and Sixth Amendments." <u>Id</u>. at 2378. The concurring opinion states:

> In order for an accusation of a crime )whether by Indictment or some other form) to be proper under the common law, and thus proper under the codification of the common-law rights in the Fifth and Sixth Amendments, it must allege all elements of that crime... Thus, it is critical to know which facts are elements.

---

[1] The United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V.

6

* * *

> A long line of essentially uniform [Supreme Court] authority... establishes that a "crime" includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment). Thus, if the legislature defines some core crime and provides for increasing the punishment of that crime upon a finding of some aggravating fact - of whatever sort, including the fact of a prior conviction - the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravated crime. Similarly, if the legislature, rather than creating grades of crimes, has provided for setting the punishment of a crime based on some fact...that fact is also an element.

Id. at 2368-2369.

Just three days after its decision in Apprendi, the Supreme Court applied the reasoning and holding of Apprendi to the issue of whether the structure of Title 31, U.S.C. Section 841(b)(1) creates separate offenses or just one offense with several sentencing enhancements. In United States v. Jones, the Tenth Circuit held that Section 841(b)(1) sets forth sentencing factors and not elements of separate offenses and therefore, the Court concluded that drug quantities did not have to be charged in the Indictment and determined by a jury but could instead be determined by the judge at sentencing. See United States v. Jones, 194 F.3d 1178, 1185-86 (10th Cir. 1999). Applying Apprendi, the Supreme Court vacated the Tenth Circuit's decision in Jones and remanded the case to the Tenth Circuit "for further consideration in light of Apprendi." Jones v. United States, ____ S.Ct. _____, No. 99-8176, 2000 WL 217939 (June 29, 2000). The actions of the Supreme Court in Jones strongly suggest that the reasoning of Apprendi

applies to an analysis of Section 841(b)(1) and that the various drug quantities enumerated in Section 841(b)(1) are elements of separate offenses that must be charged in the Indictment and beyond a reasonable doubt by a jury.

Applying the reasoning of Apprendi, that an aggravating factor is an essential element of the offense to be established by way of Indictment or other pleading, they must therefore be properly charged in the Indictment and found by the jury. See, Apprendi at 2362, n. 15; Hamling v. United States, 418 U.S. 87, 117 (1974). The defendant submits that no statutorily-enhanced sentencing range, including the mandatory minimum provisions of Title 21, U.S.C. Sections 841(b)(1)(A) and (b)(1)(B) and 960(b)(1) and (b)(2), may be applied to the defendant in this case where the factor triggering the mandatory minimums -drug quantity- was wholly omitted from the Indictment. Notwithstanding any claim by the government that it may seek application of the minimum mandatory sentence where it is less that the 20 year statutory maximum set forth in title 21, U.S.C. Sections 841(b)(1)(A0 and 960(b)(3), the Supreme Court's decision in Apprendi v. New Jersey, ____ U.S. ____, 120 S.Ct. 2348 (June 26, 2000), actually precludes such an approach.

Admittedly, the Defendant does not contest the settled rule that factual findings relevant to determining an appropriate sentence or sentencing guideline within the statutory imprisonment range must be supported merely by a preponderance of the evidence. See, Paterson v. New York, 432 U.S. 197, 214 (1977); McMillan v.

8

Pennsylvania, 477 U.S. 79, 84 (1986). Nevertheless, after Apprendi, the enhanced statutory sentencing range itself must be established in the Indictment as of the time the defendant enters a guilty plea or goes to trial, or the defendant cannot be sentenced to the enhanced punishment. See also Castillo v. United States, 120 S.Ct. 2090, 2096 (2000). ("[T]he length and severity of an added [mandatory] sentence...weighs in favor of treating such offense-related words as referring to an element.").

In a recent federal decision addressing Apprendi, United States v. Henderson, ____ F.Supp. ____, Crimin. No. 2:99-00214-01 (S.D.W.Va. July 19, 2000), the Court concluded that "[a]lthough arising in the context of a state hate crimes statute, this Court finds that the sweeping pronouncements in Apprendi apply with equal force to federal narcotics prosecutions under Title 21, U.S.C. Section 841." Id. at 20.[2] Ruling that the drug enhancement provisions are inapplicable at sentencing where no amount of drugs is alleged in the Indictment and such element has not been presented to a jury, the court held that "[c]asting aside the artificial formalism and looking at the real effect of a drug amount finding, Title 21, U.S.C. Section 841 sets forth separate offenses, rather than one offense with different penalties." Id. Thus, in a prosecution under Title 21, U.S.C. Section 841, et seq., "the government must, in order to seek increased statutory penalties, allege the drug amount in the Indictment, submit that

---

[2]In support of this conclusion, the court cited, in a footnote, the Supreme Court's vacating of the Tenth Circuit's Carless Jones decision.

fact to the jury, and prove the existence of the fact beyond a reasonable doubt." Further, in United States v. Sheppard, No. 00-1218 2000 WL 988127 (8th Cir. July 18, 2000), the Eighth Circuit agreed that drug type and quantity must be considered elements of separate Section 841 offenses. (In Sheppard, the Indictment expressly charged type and quantity and the jury returned a special verdict finding as to both.)

Purported "enhancements" do not merely set minimums within the existing range, but create separate sentencing ranges with out collateral consequences under the Federal Sentencing Guidelines and Title 18 penalty schemes. See, e.g., Title 18, U.S.C. Section 3559 (offense classifications premised on statutory sentencing ranges); U.S.S.G. Section 4B1.1 (establishing career offender enhancements based on statutory sentencing ranges).

The obvious effect of Apprendi is to require the aggravating facts to be determined as an element of the crime and not just a sentencing factor. In Jones v. United States, 526 U.S. 227 (1999), the Supreme Court dealt with an analysis of the Carjacking statute. In that case, the defendant was convicted of carjacking. At Jones' sentencing the prosecution proposed a 25 year sentence because on of the victims had suffered serious bodily injury. Although this factor was not in the Indictment and never placed before the jury, the District Court determined by a preponderance of the evidence that serious bodily injury had resulted and sentenced the defendant to 25 years. The Supreme Court reversed, holding that the issue of serious bodily injury was not a sentencing factor but was an

element of the offense.

In <u>Castillo v. United States</u>, 120 S.Ct 2090 (2000), the defendant was convicted of knowingly using or carrying a firearm during or in relation to the commission of a crime of violence. At sentencing, the trial court determined that the "firearms" in the case included hand grenades and machine guns equipped with silencers. The guidelines for use of a machine gun, etc., carried a penalty six times more severe than the punishment for using a firearm. The Supreme Court held that in such instances the specific weapons, <u>i.e.</u>, machine guns, were an element of the crime and had to be proven and found beyond a reasonable doubt by a jury and were not merely sentencing factors to be determined by a preponderance of the evidence by the court.

Notably, Justices Thomas and Scalia, who concurred in the majority <u>Apprendi</u> opinion, point out that under the common law, allegations as to any fact increasing the "overall" punishment, must be alleged in the Indictment, and proved to the jury at trial. <u>See</u> 120 S.Ct at 2379-2389 (Thomas, J. concurring).

Because the aggravating factor, i.e., the amount of cocaine, was not charged in the Indictment nor found by jury beyond a reasonable doubt, the amount could not be used to calculate Mr. Bryan's sentence. See <u>Apprendi</u> at 2362; <u>Jones</u>, 2000 WL 217939 at *1. This Court is thus bound by the offense charged in the Indictment and found by the jury either conspiracy to simply possess or a drug trafficking offense involving an undetermined amount of cocaine. In order to comply with the strictures of

11

Apprendi and to avoid unconstitutionally applying an aggravating factor that was not charged in the Indictment, this Court must sentence using a base offense level of 12 which corresponds to the lowest allowable amount of cocaine. See, U.S.S.G. Section 2D1.1(c)(14).

Another argument not considered by any of the above Courts is that the statutory term of supervised release coupled with the applicable guideline range argued to be applied by the probation department would render a sentence greater than the 20 year maximum that the government and probation would argue applies in this case. None of the Courts address whether or not the additional calculation of the supervised release period would render the sentence the Defendant is facing in this facts scenario to be unconstitutional by applying Apprendi.

Respectfully submitted,

JAMES S. BENJAMIN, ESQ.
Benjamin & Aaronson, P.A.
One Financial Plaza; Suite 1615
Fort Lauderdale, Florida 33394
(954) 779-1700
Fla. Bar No. 293245