AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

**02-61192**

| United States District Court | District: Southern District of Florida |
|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| DORREL BRYAN | 60205-004 | 00-6022-CR-DMM |

Place of Confinement
L.S.C.I. - Allenwood  P.O. Box 1000 White Deer, PA 17887

UNITED STATES OF AMERICA          V.    DORREL BRYAN
MAGISTRATE JUDGE        (name under which convicted)
SORRENTINO
MOTION

1. Name and location of court which entered the judgment of conviction under attack   United States District
Court for the Southern District of Florida,  (Judge Donald Middlebrooks).

2. Date of judgment of conviction   October 26, 2000

3. Length of sentence   87 months incarceration with 3-years supervised release to follow.

4. Nature of offense involved (all counts)   Count One: "Conspiracy to possess with the intent to
distribute Schedule II controlled substance  that is a mixture containing a
detectable amount of cocaine", in violation of 21 U.S.C. § 841(a)(1); 846.  Count
Two: "Attempt to possess with intent to distribute a mixture containing a detectable
amount of cocaine"in violation of 21 U.S.C. § 841(a)(1); & 18 U.S.C. section 2.

5. What was your plea? (Check one)
   (a) Not guilty    XXX
   (b) Guilty        ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count of indictment, and a not guilty plea to another count of indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          XXX
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐  No XXX

8. Did you appeal from the judgment of conviction?
   Yes XXX  No ☐

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court __11th Circuit Court of Appeals.__

(b) Result __Judgement of the Court below was affirmed.__

(c) Date of result __January of 2002__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No XXX

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

## ISSUES PRESENTED

Issue One:  Movant was denied his Sixth Amendment, when defense counsel refused to allow Movant to testify on his own behalf at trial.

In the present case, Movant along with other individuals were named in a two count indictment.  Count One, charged conspiracy to possess with the intent to distribute cocaine.  count Two, charged attempt to possess with intent to distribute cocaine.
Movant proceeded to trial claiming innocence. At trial, Movant told defense counsel he wanted to testify because he felt that he could provide testimony that would establish factual innocence.  Counsel refused to allow Movant to testify.
Counsel's refusal to allow Movant to exercise his right to testify not only violated Movant's Sixth Amendment nut violated his Fifth Amendment to the United States constitution as well.
The Supreme Court has stated that although trial counsel has the authority to make certain tactical decisions during a criminal trial, the defendant retains the ultimate authority to make fundamental decisions regarding his case, including "whether to... testify in his or her own behalf." Jones v. Barnes, 463 U.S. 745, 751 (1983).  As the Court stated in Faretta v. California, 422 U.S. 806, 834 n. 45 (1975), "[e]very criminal defendant is privileged to testify in his own defense, or to refuse to do so." (Quoting Harris v. New York, 401 U.S. 222, 225 (1971)).  See also, Rock v, Arkansas, 483 U.S. 44, 49 (1987) ("It cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense"); and United States v. Teague, 953 F.2d 1525 (11th Cir. 1992) (en banc), petition for cert filed May 21, 1992 denied.
Accordingly, due to the Sixth Amendment denial, the sentence should be vacated, the conviction reversed and the case remanded for further proceedings to allow Movant an opportunity to testify.

Issue Two:  Movant was denied his Sixth Amendment, right to effective assistance of counsel, when trial and appellate counsel's failed to argue when raising insufficient evidence to convict Movant that what was alleged that Movant said during the commission of the alleged crime could not be used against him to convict as it was not evidence.

In the case at bar, Movant's attorney's raised both at sentencing and on direct appeal that the evidence was insufficient to convict him.  The

government, however, in their defense against both arguments contended that Movant was a willing participant of the crime because at one point according to the government, Movant allegedly stated in sum to the seller not to get to close to the money that was in the vehicle that Movant was riding in at the time the crime was taking place.

Movant has consistently denied ever saying anything incriminating, but assuming arguendo that Movant said something that could be construed to be incriminating, a statement, if made, by Movant, could not be used as evidence to conclude he was a willing participant of the crime and to convict him, because statements made by a defendant are not considered evidence.

In this respect, Movant contends that his attorney's were ineffective by failing to argue that , if he said something, that could not be used to convict him or to support a conviction.

The evidence was simply insufficient and counsel's failed to recognize the defense against the governments case to rely on what Movant allegedly said to establish he was a willing participant of the conspiracy and to convict him.

Accordingly, the sentence must be vacated; the conviction reversed, and Movant released from custody.

Issue Three:    Movant was denied his Fifth Amendment, due process of law, when the Government failed to disclose all favorable information about individuals used to testify against Movant.


Defendant's have no general constitutional right to discovery in criminal proceedings. Nevertheless, courts have fashioned rules providing for the disclosure of certain types of evidence when necessary to safeguard a defendant's due process rights. In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the prosecution to disclose evidence favorable to an accused upon his request when such evidence is material to guilt or punishment. Brady, supra, at 87.

Subsequent Supreme Court cases have established that the governments duty under Brady arises whether or not the defendant specifically requests the favorable evidence. U.S. v. Agurs, 427 U.S. 97, 107-11 (1976) (prosecution's constitutional duty to disclose favorable evidence governed by materiality standard and not limited to situations where defendant has requested the favorable evidence.)

Although the government's duty to disclose continues throughout the proceedings, Mooney v. Holoham, 294 U.S. 103,108 (1935), tardy disclosure of Brady material is not reversible error unless the defendant can show that the delay denied him a fair trial. White v. Singletary, 70 F.3d 1198, 1200 (11th Cir.) (per curiam) (1995).

The government's obligation to disclose favorable evidence under Brady covers not only exculpatory evidence but also information that could be used to impeach government witnesses. Giglio v. U.S., 405 U.S. 150, 154 (1972). In particular, an agreement made with a government witness for testimony in exchange for monetary compensation or favorable treatment in the criminal justice system should be disclosed as impeachment evidence, especially where the witness's testimony is an important part of the governments case. Disclosure is also necessary because it provides a basis for the defendant to raise the defense that if the government offered something of value in exchange for testimony that the government violated the provisions of 18 U.S.C. § 201 which forbids the government from offering anything of value for exchange for testimony.

· AO 243 (Rev. 5/85)

In the case at bar, Movant contends that the Government with held information pertaining to what was given to witnesses in exchange for their testimonies. This violated Movant's fifth Amendment and 18 U.S.C. § 201.

Accordingly, the sentence must be vacated; the conviction reversed and Movant released from custody.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

Movant reserves the right to amend under 15(a) Federal Rules of Civil Procedure.

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒XXX

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____ Paul McKenna

_____ 2666 Tigertail Ave., Suite 104, Coconut Grove, FL 33133 _____

(b) At arraignment and plea _____ Same

_____

(c) At trial _____ Same

_____

(d) At sentencing _____ James S. Benjamin

_____ One Financial Plaza, Suite 1615, Fort Lauderdale, FL 33394 _____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐ No ☐
(2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(e) On appeal _____ Same _____

(f) In any post-conviction proceeding _____ Not Applicable _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____
Not Applicable

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No XXX

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No XXX

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____ Not Applicable _____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

8.21.02
(date)

_____
Signature of Movant
Dorrel Bryan
Defendant / Movant
Proceeding Pro se

(7)