IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

05- 60470

DORREL BRYAN,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CIV-

CASE NO. 05-60128-CIV-MIDDLEBROOKS
(00-6022-CR-MIDDLEBROOKS)

MAGISTRATE JUDGE
WHITE

**MOTION TO ALTER/AMEND JUDGMENT**

    COMES NOW the movant, DORREL BRYAN, acting pro se and without the aid of counsel, under the liberal standard for pro se litigants as set forth in Haines v. Kerner, 404 U.S. 519 (1972), and moves this Honorable Court to alter/amend its order dismissing his petition filed pursuant to 28 U.S.C. § 2255(3), and states the following:

    First, movant submits, though the record confusingly reflects this court's order dated February 18, 2005 occasioned 'before' the magistrate's report dated February 23, 2005, having not been received by him at FCC Yazoo City until this date, March 9, 2005, he a pro se litigant respectfully requests this Honorable Court to timely file this, his motion to alter/amend judgment.

    Movant files this motion for the court overlooks this case is not entitled dismissal for failure of the movant to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. § 2244(b)(3). It is well established in this circuit this Honorable Court has complete jurisdiction to entertain this motion pursuant to Title 28 U.S.C. § 2255(3). See Dodd v. United States, 365 F.3d 1273 (11th Cir. 2004). This motion is filed pursuant to petitioner's Sixth Amendment right recognized by the Supreme Court in Blakely v. Washington, 542 U.S.___, 159 L.Ed.2d 403, 124 S.Ct. 2531 (2004), and further clarified in United States v. Booker, No. 04-104 (2005) and United States v.

Fanfan, No. 04-105 (2005). Section (3) of § 2255 provides that the statute's one-year period of limitation shall run from "the date on which the right asserted was initally recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Dodd, supra.

Implicit in this conclusion is that **any** court may make the retroactivity decision is the necessary inference that a petitioner **need not** wait for a controlling decision before filing his petition. Because a petitioner need not wait for the Supreme Court to address the issue of retroactivity, he may assert a claim in a district court as soon as a new right is recognized by the Supreme Court -- in the hope, of course, that the district court will find the new right retroactively available on collateral review. Id. at 1280 (citing United States v. Swinton, 333 F.3d 481, 487 (3rd Cir. 2003)("the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions."). Under this interpretation, therefore, a petitioner may file a § 2255(3) motion **immediately** (as was the case here) the Supreme Court decision announcing the right upon which the motion is based. Dodd, supra. And this fact could not be more pointed as concluded by U.S. District Court Judge Tucker L. Melancon of the Western District of Louisiana in his Order filed February 15, 2005 (just 3 days prior to this court's) granting a defendant whose conviction occasioned 1995 an appointment of counsel to review his Booker claim under a § 2255(3) proceeding. (See attached 'Order').

**Retroactivity**

Movant is well aware of this circuit's Varela conclusion Booker's constitutional rule does not apply retroactively to § 2255 cases on collateral review. See Varela v. United States, ___F.3d___, 2005 WL 367095 (11th Cir. 2005); accord McReynolds v. United States, ___F.3d___, 2005 WL 237642 (7th Cir. 2005). However, in that the U.S. Supreme Court has decided to resolve the question

2

whether Blakely (now Booker) applies retroactively to cases on collateral review, see Sturdy v. United States, No. 04-925 (Cert. filed 1/5/05), the movant respectfully requests this Honorable Court to hold this matter causing not a burden either on this court or the government in abeyance until the U.S. Supreme Court determines its Sturdy holding.

The petitioner submits Booker invalidated the Guidelines both on a Sixth Amendment jury trial violation as well as the Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000) due process doctrine. Jointly those basis compel retroactivity. See, e.g., In re Winship, 397 U.S. 358; Ring v. Arizona, 536 U.S. 584; see also, United States v. Hernandez, 137 F.Supp.2d 919, 931-32 (N.D. Ohio 2001) rev'd in United States v. Luciano, 311 F.3d 146 (2nd Cir. 2002); and United States v. Murphy, 109 F.Supp. 1059, 1064 (D.Minn. 2000) rev'd in Murray v. United States, 268 F.3d 599 (8th Cir. 2001).

WHEREFORE, based upon the above and foregoing, movant respectfully PRAYS this Honorable Court alter/amend its judgment of February 18, 2005 dismissing his petition.

Respectfully submitted this *10th* day of March, 2005.

*S/o/s/e/ Anthony Bryan*
Dorrel Anthony Bryan, Pro se
Reg. No. 60205-004   3A Upper
Post Office Box 5000
Yazoo City, MS  39194-5000

RECEIVED
FEB 15 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| United States of America | Criminal Action No. 3:95-CR-30024-05 |
| versus | Judge Tucker L. Melançon |
| Larry Wayne Doublin | Magistrate Judge James D. Kirk |

## ORDER

Before the Court is defendant Larry Wayne Doublin's Motion for Appointment of Counsel [Rec. Doc. 533] raising issues related to *United States v. Booker v. FanFan*, 125 S.Ct. 738, 2005 WL 50108 (U.S.).

The Court being of the present view that the defendant is procedurally barred from asserting a claim, but due to the uncertainty, at least at the District Court level, regarding the impact of the *Booker* and *FanFan* cases,

IT IS ORDERED that the United States Federal Public Defender for the Middle and Western Districts of Louisiana, Rebecca L. Hudsmith, is conditionally appointed to represent defendant Larry Wayne Doublin, to review this matter, and to report to the Court as to whether, in her view, the defendant has a viable claim to pursue.

Thus done and signed this 15th day of February, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 2/15/05
BY
TO
FPD