

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION


DORREL BRYAN,
          PETITIONER.


V.                                              CASE NO: 00-6022 - GR-
                                                    Middlebrooks


UNITED STATES OF AMERICA,
          RESPONDENT.


## MOTION AND MEMORANDUM FOR
## ADMITTING NEWLY DISCOVERED
## EVIDENCE AND A NEW TRIAL

---


Comes now, Dorrel Bryan, be pro-se Indigent Defendant that files this motion to have the newly discovered evidence admitted and over turned verdict, and then a retrial of the above case. The fact for the motion are as follows. Accompanied by the memorandum of law.

(1). The Criminal trial in the above case citation began as of May 2000.

(2). The Defendant was a named Defendant in the above case.

(3). The Defendant always claimed he was testing the vehicle and not part of any other activities.



(4). The trip was a one time and first time trip involving the Defendant and all the other parties using their vehicle and Defendant was unaware of it's contents.

(5). The Defendant drove the others to a parking lot to meet Mr. Rohan Gorden.

(6). Defendant never met Rohan Gorden before January of 2000.

(7). The Defendant was subsequently arrested for his alleged participation in the above crime.

(8). The Defendant was charged on and found guilty of an alleged conspiracy.

(9). None of the other defendant's in the trial gave any testimony or other evidence of a conspiracy or other wrongful conduct involving the defendant.

(10). The Defendant was sentenced to eighty-seven(87) months and he's served seventy-eight(78) months.

(11). On or about the first week of August 2005, the Defendant received the attached unrebutted affidavit from Charles M. Llewlyn.

(12). Charles M. Llewlyn, was not called as a witness by either the assistant United States attorney referred to as a U.S.A. or by defendant counsel.

(13). Defendant did not know what Charles M. Llewlyn, would have testified to.

(14). Attached as Exhibit "1" is the affidavit that exculpates the defendant.

(15). The Affidavit Exhibit "1" was recently provided to the defendant.

(16). After the receipt of the affidavit and confirming the contents the defendant filed This Motion.

(17). This Motion and Affidavit is to further compliment and provided added information to the writ of Habeas Corpus filed in February 10, 2006.

(18). As a result of this new evidence, the defendants earlier verdict should be overturned.

(19). Defendant is entitled to a new trial.

## MEMORANDUM OF LAW

Federal Rules of civil procedure allow and have rule 60(b) apply to criminal cases, Rule 60(b)(6) allows the court to relieve the Defendant from a final judgment for any other reason justifying relief from the operation of the judgment.

FRCP 60(b)(6) Motion will be granted only in extraordinary circumstances or under circumstances imposing extreme or undue hardship. Holland v. Virginia Lee co.(1999 WD,Va) 188 FRD 241. The current facts are extraordinary which otherwise not considered impose an extreme hardship.

The facts are extraordinary because Defendant did not know any of the testimony of Mr.Charles M. Llewlyn. The affidavit Exhibit "1", is new and unknown evidence. Secondly, the obtaining of the evidence would have been an undue hardship, because Defendant was in a criminal trial and Defendant's counsel instructed the Defendant not to talk to any other Defendant or person.

Because the requirement satisfies FRCP Rule 60(b)(6). The judgment must be overturned with a new trial ordered.

Rule 60(b)(6) does not particularize factors that justify relief from judgment, but extraordinary circumstances are required. Liljeberg v. Health Services Acquisition Corp. (1988)486 U.S. 847, 100 L Ed 2d 855, 108 S.Ct 2194. 11FR Serv 3d 433.

Rule 60(b)(6) is applicable only to extraordinary circumstances. The circumstances are extraordinary because the Defendant unexpectedly received the affidavit. The affidavit supports Defendants position of not being involved in the case and he should be released of the judgment and dismissed from the case.

Court is authorized to set aside judgment under "other reason" clause where justice requires that judgment be set aside. United States v. Williams (1952, D.C. Ark) 109 F Supp 456, justice require that the verdict be set aside in the criminal case. The affidavit goes to prove the innocence of the Defendant.

In Conclusion, the Defendant Prays for the verdict to be over turned and if the court dooms proper to retry the case.

Submitted this 8th Day of June 2006.

DORREL BRYAN 60206-004
FCC LOW P.O.BOX 1031
COLEMAN,FL. 33521-1031

(4)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION


DORREL BRYAN,

        Petitioner,

  -versus-

                                    **CASE NO. 05-60470**

UNITED STATES OF AMERICA,

        Respondent.

_____/


### AFFIDAVIT OF CHARLES M. LLEWLYN

    I the undersigned hereby declare under pains and penalty of perjury pursuant to Title 28 U.S.C. § 1746 that the below statements are true and correct to the best of my knowledge.

1. That I am known by the Court as Charles M. Llewlyn, federal prisoner #60206-004, presently residing at the Federal Correctional Institute, Jesup, Georgia 31599.

2. That I have information pertinent to these proceedings.

3. That I have never met Mr. Dorell Bryan, personally up until the time of our arrest on January 2000.

4. That I knew that Mr. Bryan owned and operated a car wash and would have a "fish-fry" at his place of location. Although I have supported that venture I have never spoken to Mr. Bryan.

5. That in January 2000, while at the Sawgrass Mall in Sunrise, Florida, I never saw Mr. Bryan engaged in any conversation with the informant Rohan Gordon.

6. That at no time did I see Mr. Bryan removed himself from the vehicle that he came in.

7. That Mr. Christopher Gilbourne informed me that he and Mr. Beckford had pooled their money together and travelled to Florida to purchase narcotics and that Mr. Bryan was only chauffering him around.

8. Mr. Gilbourne also informed me while we were in the West Palm Beach Detention Facility that he was amazed that the Government had release Beckford, as Beckford was his partner in crime in Raleigh-Durham, North Carolina.

9. That if called upon I am willing to testify to the above facts in any court proceedings under oath.

10. That the above statements are made freely and voluntary without promises or threaths or monetary benefits.


Upon pains and penalty of perjury I hereby affixed by signature hereto as conclusive proof of the truth of the matter asserted herein.

*Charles M. Llewlyn*

Charles M. Llewlyn
USM#60206-004
Jesup FCI
2680 Highway 301 South
Jesup, GA 31599


Executed this day July 30, 2005, and witness hereto by:

*Timothy L Clark*

Timothy Clark

*Robert E Abel*

Robert Abel